## Sperry *against* Miller.

### *Surrender of lease; rent due.*

In April, 1843, Sperry leased to Miller a farm for five years, from the first of that month, at an annual rent of $134, of which $65 was to be paid on the first of April, 1844, and $65 every six months thereafter until the whole should be paid.

On the 2d April, 1846, Miller was indebted to Sperry for one year's rent, the half of which had become due, and the other half was payable on the first of October following. On the said second of April an agreement was entered into by the parties, by which Miller engaged to give up *the remainder of his term*, and to assign to Sperry his (Miller's) interest in a lot of thirty-two acres which he held under contract, Sperry to have immediate possession of the farm and the thirty-two acres; and Sperry agreed to pay Miller $550 on the first of May then next, and to permit him to take a specified portion of the wood from the thirty-two acres. The following receipt, signed by Miller, was indorsed on the contract: "Received of Orrin Sperry, the *within mentioned*, five hundred and fifty dollars. Rochester, May 2, 1845."

This action was commenced in June, 1846, to recover $65 rent, which became due the day before the contract to surrender the lease was made. In the Supreme Court the plaintiff was nonsuited on the ground that, by presumption of law, the sum claimed had been paid or cancelled.

The Court of Appeals reversed the judgment, and ordered a new trial, holding, that the facts shown did not raise the presumption that the rent which had accrued, prior to the surrender of the lease, had been paid.

(S. C., 8 N. Y. 336 ; 16 id. 407.)